UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JULIO DE LOS SANTOS,

        Plaintiff,

  -v-                                    No.  12 Civ. 8124 (LTS) (JCF)

HYS LIVERY SERVICE, INC. et al.,

        Defendants.
-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

Plaintiff Julio De Los Santos ("Plaintiff") brings this personal injury action under New York State Insurance Law Section 5104 against Defendants HYS Livery and James Abitabile ("Defendants"), seeking to recover damages for an injury he allegedly sustained in a car accident with Defendants.  N.Y. Ins. Law § 5104 (McKinney 2009).  Defendants move for summary judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.  The Court has reviewed thoroughly all of the parties' submissions.  For the following reasons, Defendants' motion is granted.

<u>BACKGROUND</u>

Plaintiff and Defendants were involved in a car accident on August 12, 2011. (Defs.' Ex. H at 40.)  Plaintiff alleges that he sustained an injury to his left ankle as a result of the accident.  It is undisputed that Plaintiff, who is employed as a custodian, returned to work two days after the accident and continued to work full time.  (Defs.' Ex. H at 90-91.)  He

underwent arthroscopic ankle surgery in January 2012 and returned to his full time work three months later.  (Defs.' Ex. H at 112-13.)

Procedural History and Evidentiary Record

Following a pre-trial conference on February 8, 2013, the Court ordered that all fact discovery be completed by July 26, 2013, and that all expert witness discovery be concluded by August 30, 2013, with initial and rebuttal expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) due 45 and 21 days, respectively, before the expert discovery cut off date. (Pre-Trial Scheduling Order, dkt. entry no. 10.)  Defendants filed the instant motion for summary judgment and the accompanying documents, including the report of their medical expert, on September 27, 2013.

Defendants' motion is supported by the report of Dr. Edward Crane, M.D., who opines that, as of his examination of Plaintiff on July 1, 2013, Plaintiff had complete and pain-free range of motion in his left ankle.  (Defs.' Ex. O.)  Defendant also relies upon Plaintiff's deposition testimony confirming that Plaintiff returned to work two days after the accident (Defs.' Ex. H at 90-91), and copies of Plaintiff's medical records, including a March 22, 2012, post surgical report stating that Plaintiff's "[r]ange of motion is free and not track-bound" and that Plaintiff "has no complaints" other than "some residual tenderness," for which physical therapy was recommended (Defs.' Ex. N).

In opposition to the motion, Plaintiff has proffered his own affidavit, a November 5, 2013, report of Rafael Abramov, D.O. (the "Abramov Report"), an excerpt from his deposition, and copies of his medical records that are accompanied by attestations that they are true copies of the records on file at the various medical facilities.  No sworn medical opinions are provided other than in the Abramov Report, which opines, based on a physical examination

conducted on October 29, 2013, a review of Plaintiff's prior medical treatment records, and Plaintiff's self-reported symptomology, that Plaintiff suffers from a permanent decrease in the range of motion of his left ankle and pain resulting from the accident. (Pl.'s Ex. A.)

## DISCUSSION

Summary judgment "shall be granted" to the movant where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is considered material "if it 'might affect the outcome of the suit under the governing law'," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986)).

The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

This personal injury action is governed by New York Insurance Law Article 51, which provides that "there shall be no right of recovery for non-economic loss, except in the case of a serious injury." N.Y. Ins. Law § 5104 (McKinney 2009). A serious injury is, in relevant part, a

> permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from

performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment [("90/180 category")].[1]

N.Y. Ins. Law § 5102(d) (McKinney 2009).

The question of what constitutes a serious injury is not necessarily one of fact for the jury.  Licari v. Elliot, 441 N.E.2d 1088, 1091-92 (N.Y. 1982) ("[W]e believe the Legislature intended that the court should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy.  If it can be said, as a matter of law, that plaintiff suffered no serious injury . . . then plaintiff has no claim to assert and there is nothing for the jury to decide.").

"[O]n summary judgment, a defendant must establish a prima facie case that plaintiff did not sustain a 'serious injury' within the meaning of Insurance Law § 5102(d)." Yong Qin Luo v. Mikel, 625 F.3d 772, 777 (2d Cir. 2010) (quoting Barth v. Harris, No. 00 Civ. 1658, 2001 WL 736802, at *2 (S.D.N.Y. June 25, 2001)).  "In support of its argument that there is no such serious injury, defendant may rely on the unsworn reports by plaintiff's physicians, but must provide evidence from its own physicians in the form of sworn affidavits." Id. at 777.  Defendants have made such a prima facie showing that plaintiff did not sustain a serious injury under New York Insurance Law 5102(d).  Dr. Crane's sworn affidavit opining that plaintiff has a complete and pain free range of motion his left ankle is sufficient to meet the Defendants' prima

---

[1] Nine distinct categories of injury qualify as "serious injuries" under § 5102(d).  Here, only three of the nine are in contention.  Plaintiff's injuries need only satisfy one category to qualify as "serious," while Defendants must show that none of the three relevant categories apply.

facie burden with respect to the significant limitation and permanent consequential limitation categories.  Defendants' prima facie showing is further supported by the post-operative report from Plaintiff's surgeon.  The prima facie burden with respect to the 90/180 category is met by Plaintiff's admission that he returned to work two days after the accident and worked full-time during the relevant period.

Once a defendant meets its initial burden, the plaintiff is required to establish a prima facie case of a serious injury.  Licari, 441 N.E.2d at 1091; DeAngelou v. Fidel Corp. Services, Inc., 567 N.Y.S.2d 454, 455 (1st Dep't 1991).  "For plaintiff to defeat a summary judgment motion, admissible evidence must be presented in the form of sworn affidavits by physicians."  Yong Qin Luo, 625 F.3d at 777 (quoting Barth, 2001 WL 736802, at *2).

Plaintiff has not met this burden, as he offers no admissible evidence in acceptable form.  Plaintiff's own reports of his symptoms lack the necessary medical analytical foundation.[2]  The contemporaneous medical records detailing his medical treatment are also insufficient, as they are not in the form of sworn affidavits attesting to the accuracy of the diagnoses and observations reflected therein.  The treating physicians have only attested to the authenticity of the records' provenance.  (See Pl.'s Ex. B at 1; Pl.'s Ex. C at 1; Pl.'s Ex. D at 1; Pl.'s Ex. E at 1; Pl.'s Ex. F at 1.)

The Abramov Report is the sole sworn medical evidence that Plaintiff has proffered in support of his contention of serious injury.  The Court will not consider it on this motion practice, however, because Plaintiff failed to disclose Dr. Abramov as an expert or

---

[2]   A plaintiff's complaints of injury are subjective, not objective, evidence of injury and cannot be used to support a claim under § 5102(d).  Yong Qin Luo v. Mikel at 777.

treating physician within the discovery period. Indeed, Plaintiff saw Dr. Abramov for the first time more than a month after the instant summary judgment motion was filed.

Federal Rule of Civil Procedure 26(a)(2) requires advance disclosure of experts and treating professionals who will serve as witnesses. As noted above, such disclosure was required to be made in this case in advance of the August 30, 2013, expert witness discovery cut-off date. Federal Rule of Civil Procedure 37(c) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion . . ., unless the failure was substantially justified or is harmless." Plaintiff filed the Abramov Report with his papers in opposition to this motion on November 5, 2013, more than two months after the expert witness discovery deadline had lapsed. In addition to missing the mandatory discovery deadline, Plaintiff also failed to provide the required Rule 26(a)(2)(B) disclosures with respect to Dr. Abramov.

The Second Circuit considers four factors in determining whether a district court has abused its discretion in rejecting late expert testimony. These are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997); see Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir.1988).

Turning to the first factor, Plaintiff does not offer any reason for his failure to make timely and complete disclosures, nor is any legitimate reason apparent.

The second factor, the importance of the precluded witness, weighs in favor of Plaintiff to the extent that the Abramov Report is the only element of Plaintiff's response to Defendant's motion that is even arguably sufficient to address Plaintiff's burden of proffering sworn medical evidence demonstrating the existence of a serious injury.  By the same token, the question of its preclusion is equally important to Defendant, which timely complied with its disclosure requirements and prepared a fully-supported motion before Plaintiff even met with his crucial witness.

The third factor, prejudice suffered by the opposing party, weighs strongly against Plaintiff.  The examination and Ambramov Report were undertaken not only after the discovery deadline, but also after Defendants submitted the instant motion for summary judgment.  The introduction of an important witness at this late stage, after discovery has closed and Defendants have done the work of moving for summary judgment, is highly prejudicial.  Permitting Plaintiff to flout his discovery obligations with a belated, strategically-tailored report in order to avoid summary judgment could impose the significant burden of trial preparation on Defendants, who have complied with their obligations.

Lastly, the possibility of a continuance weighs against Plaintiff.  Though a continuance would theoretically be possible, the reopening of discovery and additional dispositive motion practice or trial preparation would place a considerable burden on judicial resources as well as on Defendants.  Exclusion of the Abramov Report is therefore an appropriate, and warranted, exercise of the Court's discretion.

Dr. Abramov's Report is excluded.  In its absence, Plaintiff cannot meet its burden of rebutting Defendants' showing that there is no serious injury.

CONCLUSION

For the foregoing reasons, there are no genuine disputes of material fact and Defendants, having tendered their uncontroverted showing of lack of serious injury, are entitled as a matter of law to summary judgment dismissing the complaint. Defendants' summary judgment motion is granted.

This Memorandum Order resolves docket entry number 12. The Clerk of the Court is requested to enter judgment in the Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
       May 14, 2014

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge